UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-40136-RGS

JEFFREY H. FISK

v.

THOMAS PANGBURN, MARIA ANGELES, ELANA D. SULLIVAN, and NOEL DIFRASIO

MEMORANDUM AND ORDER

November 29, 2022

For the reasons set forth below, the court denies without prejudice plaintiff's motion for temporary restraining order. A copy of this Memorandum and Order will be sent to Superintendent Shawn Zoldak and the Department of Correction Legal Counsel, with the request that a Status Report be filed. In order to proceed, plaintiff either shall (i) pay the $402.00 filing and administrative fees; or (ii) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.

BACKGROUND

Jeffrey H. Fisk, an inmate confined to MCI Shirley, brings this action alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages as well as an emergency temporary restraining order to require the defendants to administer adequate medical care

including daily dressing changes, administration of antibiotics, referral to specialists and provision of medical care necessary to prevent further amputation of plaintiff's foot.

## MOTION FOR TEMPORARY RESTRAINING ORDER

A temporary restraining order ("TRO") is an extraordinary order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the Court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

In addition to notice to the adverse party, a motion for injunctive relief must be accompanied by a memorandum in support addressing the four requirements for injunctive relief: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of

friction) between the injunction and the public interest." *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020), quoting *Nieves Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

Fisk's motion addresses these factors. However, the court finds that it would not be appropriate to enter an order for this drastic form of relief at this time because there is no certification in writing of any effort Fisk has made to provide at least informal notice to the defendants and no details as to the reasons why such notice should not be required. Although the court takes very seriously Fisk's allegations, the court does not deem it appropriate to order injunctive relief without first considering the response of the defendants.

## PRELIMINARY SCREENING

This case is now before the court for a preliminary review of the complaint pursuant to , which provides:

(a) Screening – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for Dismissal – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A (screening).

Based on the allegations of the complaint, the court finds it survives threshold review.

## REQUEST FOR STATUS REPORT

Notwithstanding the denial of Fisk' motion for temporary restraining order, the court takes very seriously Fisk's allegation that defendants' deliberate indifference to his serious medical need could result in an additional amputation. Specifically, Fisk claims that his infected wounds, without provision of daily dressing changes and other medical treatment, could result an additional amputation. Accordingly, the clerk will be directed to send copies this Memorandum and Order to Superintendent Zoldak and the Department of Correction Legal Counsel, with a request that counsel provide this court with a Status Report with respect to Fisk's medical issue as soon as reasonably practicable and, in any event, within fourteen (14) days of this Memorandum and Order.[1]

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $52.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek

---

[1] Defendants are not required to disclose confidential medical information about Fisk absent his permission to do so, and any disclosures which are made shall be made under seal.

leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

Here, Fisk failed to pay the filing fee or file an application to proceed in district court without prepaying fees with a copy of his prison account statement. Plaintiff will be granted additional time to do so.

## ORDER

Accordingly, for the reasons stated herein, it is hereby

1. ORDERED, plaintiff's motion for temporary restraining order is DENIED WITHOUT PREJUDICE.

2. ORDERED, within 42 days of this Memorandum and Order, plaintiff either shall (1) pay the $402.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. Failure of the plaintiff to comply with this directive may result in the dismissal of this action. The Clerk

shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

3. ORDERED, the Clerk shall send copies of this Memorandum and Order to Superintendent Shawn Zoldak, MCI Shirley, 104 Harvard Road, P.O. Box 1218, Shirley, MA 01464, and the Department of Correction Legal Division, 70 Franklin Street, Suite 600, Boston, MA 02110, with the directive that a Status Report is to be filed within fourteen (14) days of the date of this Memorandum and Order.

                              SO ORDERED.

                              /s/ Richard G. Stearns
                             UNITED STATES DISTRICT JUDGE